KIRBY AISNER & CURLEY LLP
*Proposed Attorneys for the Debtor*
700 Post Road, Suite 237
Scarsdale, New York 10583
(914) 401-9500
Erica R. Aisner, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

                                         Chapter 11
TRIAX CAPITAL ADVISORS LLC,          Case No. 19-24145(rdd)

                      Debtor.
-----------------------------------------------------------X

## DECLARATION OF JOSEPH SARACHEK
## PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2

JOSEPH SARACHEK, hereby declares under penalties of perjury:

1.      I am the sole and managing member of Triax Capital Advisors LLC, the above-referenced debtor and debtor-in-possession (the "Debtor"). As such, I am fully familiar with the Debtor's operations, businesses and financial affairs.

2.      I submit this declaration pursuant to Rule 1007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1007-2 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York.

## BACKGROUND

3.      The Debtor has been engaged in the restructuring business since 2001, first as a restructuring advisory firm and more recently as an investor in bankruptcy trade claims.

4.      In the past several years, the two primary acquisitions the Debtor has made were in the receivership proceeding of the Stanford International Bank pending in Antigua in the chapter 11 proceeding of Life Partners, Inc which is pending in the Western District of Texas.  Currently,

the Debtor owns approximately $12.2 million (face amount) of claims in the Stanford proceeding and a 50% membership interest in LPAQ, LLC, a partnership which holds 9,567,604 units in the liquidating trust which has resulted from the Life Partners proceeding.

5. The Debtor was forced to filed for chapter 11 bankruptcy relief in order to stay the "firesale" sale of its 50% interest in LPAQ, LLC by one of the Debtor's creditors. As a result of the work of the Trustee of the Life Partners Trust, the Debtor is entitled to receive approximately $77,414.59 in a cash distribution recently authorized, the receipt of which is anticipated shortly. This is only a small portion of the recovery that the Debtor anticipates on account of its investment in this asset.

6. The Debtor intends to utilize the chapter 11 process to maintain control over its assets while it works to maximize and monetize their value for the benefit of all creditors, not just one.

7. As such, the Declarant submits that the best interests of the estate and its creditors will be served through this Chapter 11 case and the Debtor remaining in possession of its assets and managing its own affairs, under the supervision of the Court, as a debtor-in-possession.

## INFORMATION REQUIRED BY LOCAL BANKRUTPCY RULE 1007-2

8. In addition to the foregoing, Local Bankruptcy Rule 1007-2 requires certain information related to the Debtor, which is set forth below.

**Local Rule 1007-2(a)(1)**

9. As set forth herein, the Debtor is an investment company which trades in bankruptcy related assets.

**Local Rule 1007-2(a)(2)**

10. This case was not originally commenced under Chapter 7 or 13 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq.

**Local Rule 1007-2(a)(3)**

11. Upon information and belief, no committee or professionals were employed prior to the filing of the Order for relief.

**Rule 1007-2(a)(4)**

12. A list of the holders of the 20 largest general unsecured claims is annexed hereto as *Exhibit A*.

**Local Rule 1007-2(a)(5)**

13. A list of the Debtor's 5 largest secured creditors is annexed hereto as *Exhibit B*.

**Local Rule 1007-2(a)(6)**

*14.* A summary of assets and liabilities is annexed hereto as *Exhibit C*.

**Local Rule 1007-2(a)(7)**

15. There are no publicly held securities of the Debtor.

**Local Rule 1007-2(a)(8)**

16. None of the Debtor's property is in possession of a receiver or custodian.

**Local Rule 1007-2(a)(9) and (10)**

17. The Debtor maintains offices in Scarsdale, New York as well as 101 Park Avenue, New York New. The Debtor has no assets located outside the territorial limits of the United States.

**Local Rule 1007-2(a)(11)**

18. There are currently three lawsuits currently pending against the Debtor.

**Local Rule 1007-2(a)(xiii)**

19. The Debtor's senior management consists of Declarant.

**Local Rule 1007-2(b)(1)-(3)**

20. The Debtor's estimated payroll to non-insider, non-officer employees for the thirty (30) day period following the Chapter 11 petition is $4,000. The Debtor's estimated payroll to insider officers for the thirty (30) day period following the Chapter 11 petition is $0.

21. The Debtor anticipates distributions on account of its investment holdings in excess of $150,000 and expenses of only approximately $4,000 over the same thirty (30) day period.

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct.

Dated: Scarsdale, New York
       December 27, 2019

>                    */s/ Joseph Sarachek*
>                    JOSEPH SARACHEK

## Exhibit "A"

### Twenty Largest Unsecured Creditors

| Creditor | Amount |
|---|---|
| Principal Land<br>477 Madison Street<br>Brooklyn, NY, 11221-2688 | $1,210,000 |
| Norma Loren<br>601 Palm Drive<br>Arlington, VA, 22209 | $992,081 |
| Bergen Claim Funding<br>c/o Bulldog Investors<br>250 Pehle Avenue<br>Saddle Brook, NJ, 07663 | $250,000 |
| Stillwater Investors<br>7380 S. Eastern<br>Las Vegas, NV, 89123 | $125,000 |
| Izower Feldman, LLP<br>85 Broad Street<br>18th Floor<br>New York, NJ, 10004 | $75,000 |
| New York State Department of Labor<br>Building 12, W. Averell Harriman State Office Campus<br>Albany, NY, 12240 | $15,000 |

## **Exhibit "B"**

## **Five Largest Secured Creditors**

Southern Financial Group                                          $1,390,000
900 Austin Avenue
Waco, Texas 76701

**Exhibit "C"**

**Summary of Assets and Liabilities**

*To be provided*