PENACHIO MALARA LLP
Counsel for Creditor Southern Financial Group LLC
245 Main Street, Suite 450
White Plains, New York 10601
(914) 946-2889

**PRESENTMENT DATE & TIME:**
**MARCH 17, 2020 AT 12:00 NOON**

Anne Penachio, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
In re                               :    CHAPTER 11
                                    :
    TRIAX CAPITAL ADVISORS LLC,     :
                                    :    CASE NO.: 19-24145 (RDD)
                                    :
                        Debtor.     :
------------------------------------X

### NOTICE OF PRESENTMENT OF ORDER PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 2004 AUTHORIZING THE ISSUANCE OF SUBPOENAS FOR THE PRODUCTION OF DOCUMENTS AND TAKING THE <u>TESTIMONY OF THE DEBTOR</u>

**PLEASE TAKE NOTICE** that upon the annexed application (the "Application") of creditor, **SOUTHERN FINANCIAL GROUP, LLC** by and through its attorney, Penachio Malara, LLP, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure seeking authority to issue subpoenas for the production of documents and take the testimony of **TRIAX CAPITAL ADVISORS LLC**, the above-referenced debtor, the annexed order will be presented to the Honorable Robert D. Drain, United States Bankruptcy Judge, in his Chambers at the United States Bankruptcy Court, Charles L. Brieant, Jr. Federal Building and Courthouse, 300 Quarropas Street, White Plains, NY 10601 on March 17, 2020 at 12:00 Noon.

**PLEASE TAKE FURTHER NOTICE,** that a copy of the Application in support of the proposed order is available on the Bankruptcy Court website, www.nysb.uscourts.gov, and from the undersigned on request.

**PLEASE TAKE FURTHER NOTICE**, that objections, if any, should be filed and served upon the undersigned with a copy delivered to the Bankruptcy Judge's Chambers, on or before the presentment date. In the event that no objections are interposed, the proposed order may be entered.

Dated: February 26, 2020
       White Plains, New York

                        **PENACHIO MALARA LLP**

                        /s/Anne Penachio
                        Anne Penachio
                        Counsel for Creditor
                        Southern Financial Group LLC
                        245 Main Street - Suite 450
                        White Plains, NY 10601
                        (914) 946-2889

Anne Penachio *(local counsel)*
PENACHIO MALARA, LLP
245 Main Street, Suite 450
White Plains, New York 10601
Telephone: (914) 946-2889

*Counsel for Southern Financial Group, LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

TRIAX CAPITAL ADVISORS LLC

CHAPTER 11
Case No. 19-24145 (RDD)

-----------------------------------------------------------X

**CREDITOR SOUTHERN FINANCIAL GROUP, LLC'S MOTION FOR AN ORDER PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004 AUTHORIZING THE ISSUANCE OF SUBPOENAS FOR THE PRODUCTION OF DOCUMENTS AND TAKING THE TESTIMONY OF THE DEBTOR**

TO:   THE HONORABLE ROBERT D. DRAIN,
      UNITED STATE BANKRUPTCY JUDGE:

Creditor Southern Financial Group, LLC ("SFG"), through its undersigned counsel, submits this Motion for entry of an Order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), granting leave to SFG to conduct a Rule 2004 investigation, including, but not limited to, authorizing the issuance of a subpoena *duces tecum*, substantially in the form attached hereto as **Exhibit B**, for the production of documents from and examination under oath of Debtor Triax Capital Advisors LLC (the "Debtor"). In support of its Motion, SFG respectfully states as follows:

**PRELIMINARY STATEMENT**

1.   As a secured creditor, SFG seeks to conduct an examination, pursuant to Bankruptcy Rule 2004, relating to the acts, transactions, conduct, property, assets, claims,

liabilities, and financial condition of the Debtor, as well as various matters affecting the administration of the Debtor's estate. The Debtor's schedules and statements of financial affairs (the "Schedules") are inconsistent, at best. *See* Doc. No. 12. Hence, it is imperative that SFG begin the investigative process to understand the Debtor's assets and liabilities and determine whether any assets have been transferred from the Debtor's estate. SFG respectfully submits that the relief requested in this Motion is critical to providing SFG with the information it needs to conduct an appropriate investigation into the Debtor's assets, liabilities, and value of its collateral.

## JURISDICTION AND VENUE

2. The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction to consider and determine this matter pursuant to 28 U.S.C. §§ 157 and 1334.

3. This is a core proceeding under 28 U.S.C. § 157(b)(2).

4. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELEVANT BACKGROUND

5. On or about September 12, 2017, Joseph E. Sarachek ("Sarachek"), Debtor's sole and managing member, executed a promissory note, for valuable consideration, made payable to SFG in the principal amount of $1,300,000.00 (the "Note"), a true and correct copy of which is attached hereto as **Exhibit C**. The Note evidences a loan agreement (the "Loan Agreement") dated September 12, 2017, between SFG, Sarachek, JSARCo, LLC ("JSARCo"), and the Debtor, a true and correct copy of which is attached hereto as **Exhibit D**.

6. On or about September 12, 2017, TopCo 1, LLC ("TopCo") executed an absolute and unconditional guaranty (the "TopCo Guaranty"), for valuable consideration, in which TopCo

guaranteed to SFG the prompt payment in full when due, whether by acceleration or otherwise, any and all of the indebtedness evidenced by the Note.

7. On or about September 12, 2017, JSARCo executed an absolute and unconditional guaranty, for valuable consideration, in which JSARCo guaranteed to SFG the prompt payment in full when due, whether by acceleration or otherwise, any and all of the indebtedness evidenced by the Note.

8. On or about September 12, 2017, the Debtor, for valuable consideration, executed a pledge agreement to secure the Note (the "Triax Pledge Agreement"), in which the Debtor pledged, granted, transferred, and assigned to SFG a security interest in all of the Debtor's right, title, and interest in and to the Collateral as defined in the Triax Pledge Agreement as follows:

   a. *"Collateral"* shall mean the Pledged Interests, the Future Rights, and the Proceeds, collectively.

   b. *"Future Rights"* shall mean: (a) all Equity Interests (other than Pledged Interests) of the Issuer, and all securities convertible or exchangeable into, and all warrants, options, or other rights to purchase, Equity Interests of the Issuer; and (b) the certificates or instruments representing such Equity Interests, convertible or exchangeable securities, warrants, or other rights and all dividends, cash, options, warrants, rights, instruments, and other property or proceeds from time to time received, receivable, or otherwise distributed in respect of or in exchange for any or all of such Equity Interests.

   c. *"Pledged Interests"* shall mean: (a) all Equity Interests of the Issuer identified on **Schedule 1**; and (b) the certificates or instruments representing such Equity Interests.

   d. *"Proceeds"* shall mean all proceeds (including proceeds of proceeds) of the Pledged Interests and Future Rights including all: (a) rights, benefits, distributions, premiums, profits, dividends, interest, cash, instruments, documents of title, accounts, contract rights, inventory, equipment, general intangibles, payment intangibles, deposit accounts, chattel paper, and other property from time to time received, receivable, or otherwise distributed in respect of or in exchange for, or as a replacement of or a substitution for, any of the Pledged Interests, Future Rights, or proceeds thereof (including any cash, Equity Interests, or other

> securities or instruments issued after any recapitalization, readjustment, reclassification, merger or consolidation with respect to the Issuer and any security entitlements, as defined in Section 8-102(a)(17) of the Code, with respect thereto); (b) "proceeds," as such term is defined in Section 9-102(a)(65) of the Code; (c) proceeds of any insurance, indemnity, warranty, or guaranty (including guaranties of delivery) payable from time to time with respect to any of the Pledged Interests, Future Rights, or proceeds thereof; (d) payments (in any form whatsoever) made or due and payable to Pledgor from time to time in connection with any requisition, confiscation, condemnation, seizure or forfeiture of all or any part of the Pledged Interests, Future Rights, or proceeds thereof; and (e) other amounts from time to time paid or payable under or in connection with any of the Pledged Interests, Future Rights, or proceeds thereof.

Triax Pledge Agreement ¶ 1(a). A true and correct copy of the Triax Pledge Agreement is attached hereto as **Exhibit E**.

9. On or about September 12, 2017, Sarachek, for valuable consideration, executed a pledge agreement (the "Sarachek Pledge Agreement") to secure the Note, in which he pledged, granted, transferred, and assigned to SFG a security interest in all of his right, title, and interest in or to the Collateral as defined in the Sarachek Pledge Agreement. Collateral is defined identically in the Triax Pledge Agreement (as excerpted above) as in the Sarachek Pledge Agreement.

10. On September 28, 2018, SFG filed its Original Petition and Request for Disclosure in the Texas State Court Litigation.

11. The defendants in the Texas State Court Litigation filed their Original Answer and Request for Disclosure on November 29, 2018.

12. On September 20, 2019, SFG filed its Traditional Motion for Summary Judgment (the "Motion for Summary Judgment") against Sarachek, TopCo, JSARCo, and the Debtor in the Texas State Court Litigation. Specifically, SFG asserts that the Texas State Court Litigation defendants

> [B]reached certain obligations under the Note, the Loan Agreement, the TopCo Guaranty, the JSARCo Guaranty, the Triax Pledge Agreement, and the Sarachek Pledge Agreement, by failing to pay certain installments due in accordance with the terms of the Note, failing to pay the cash sum of $40,000.00 as the origination fee under the Loan Agreement, and failing to deliver to [SFG] the original of that certain Common Stock Purchase Warrant of Emergent Capital, Inc. issued on July 28, 2017 for the purchase of 13,575,000 shares of common stock of Emergent Capital, Inc.

SFG's Traditional Mot. for Summ. J. ¶ 8. A true and correct copy of SFG's Motion for Summary Judgment is attached hereto as **Exhibit F**. On November 1, 2019, SFG filed its notice of hearing on the Motion for Summary Judgment, setting the Motion for Summary Judgment hearing on December 13, 2019.

13.    The Texas State Court Litigation defendants filed their response and objections to SFG's Motion for Summary Judgment on December 6, 2019.

14.    On December 11, 2019 (the "Petition Date"), the Debtor filed its voluntary petition in this Court for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). SFG understands that since the Petition Date the Debtor continues to operate its business as a debtor-in-possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code. As of the date of filing this Motion, neither a trustee or an examiner nor an official committee have been appointed in this chapter 11 case.

15.    On January 16, 2020, the Debtor filed its Schedules. On Schedule A/B, the Debtor lists a 50% ownership interest in LPAQ, LLC with a current value at $1,300,000.00. *See* Schedules, Sch. A/B ¶ 15.2. On Schedule D, the Debtor lists SFG as its sole secured creditor. *See* Schedules, Sch. D ¶ 2.1.

16.    In its Schedules, the Debtor lists SFG as a secured creditor with a claim amount of $1,675,516.56 and describes the claim collateral as "All Assets of Triax including 50% interest in LPAQ, LLC." *See* Schedules, Sch. D ¶ 2.1. Further, the Debtor listed the current value of its interest in LPAQ, LLC at $1,300,000.00, but it is unclear whether this is a net of SFG's debtor or

a gross value. *See* Schedules, Sch. A/B ¶ 15.2. Surprisingly, the Debtor lists the value of collateral supporting SFG's secured claim at $0.00, despite SFG's 50% security interest in LPAQ, LLC. Further, the Debtor lists SFG's secured claim as "unliquidated." *Id.* The Debtor also lists TopCo, JSARCo, and Sarachek as codebtors of SFG. *See* Schedules, Sch. H ¶¶ 2.1, 2.2, 2.3.

## RELIEF REQUESTED

17. By this Motion, SFG seeks leave to conduct a Rule 2004 investigation, including, but not limited to, authorizing the issuance of a subpoena *duces tecum* for the production of documents from and examination under oath of the Debtor so that SFG can begin the investigative process to understand the Debtor's assets and liabilities, determine whether any assets have been transferred from the Debtor's estate, and prevent any further diminution in the assets of the Debtor's estate.

## ARGUMENT AND AUTHORITY

18. Bankruptcy Rule 2004 authorizes any party to a bankruptcy case to conduct discovery. Rule 2004 discovery is an investigatory tool undertaken prior to litigation that is independent of a complaint or contested matter. It need not be tied to specific factual allegations at issue between parties to a dispute. *In re Symington*, 209 B.R. 678, 684 (Bankr. D. Md. 1997). Specifically, Bankruptcy Rule 2004 provides in relevant part:

> (a) **Examination on Motion.** On motion of any party in interest, the court may order the examination of any entity.
>
> (b) **Scope of Examination.** The examination of an entity under this rule . . . may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge . . . and any other matter relevant to the case or to the formulation of a plan.
>
> (c) **Compelling Attendance and Production of Documents.** The attendance of an entity for examination and for the production of

> documents . . . may be compelled as provided in Rule 9016 for the attendance of a witness at a hearing or trial.

FED. R. BANKR. P. 2004.

19. The scope of the examination provided by Bankruptcy Rule 2004 is very broad. *See In re Drexel Burnham Lambert Grp., Inc.*, 123 B.R. 702, 708 (Bankr. S.D.N.Y. 1991); *In re ECAM Publications, Inc.*, 131 B.R. 556, 559 (Bankr. S.D.N.Y. 1991); *see also In re Duratech Indus.*, 241 B.R. 283, 289 (E.D.N.Y. 1999). The Rule 2004 examination may "cut a broad swath through the debtor's affairs, those associated with him, and those who might have had business dealings with him." *In re Johns-Manville Corp.*, 42 B.R. 362, 364 (S.D.N.Y. 1984) (citing *In re Mantolesky*, 14 B.R. 973, 976 (Bankr. D. Mass. 1981)). "The purpose of a Rule 2004 examination is to allow the court to gain a clear picture of the condition and whereabouts of the bankrupt's estate." *In re Johns-Manville Corp.*, 42 B.R. at 364.

20. Furthermore, the scope of a Rule 2004 examination is more expansive than that allowed under the Federal Rules of Civil Procedure "and can legitimately be in the nature of a 'fishing expedition.'" *In re Fearn*, 96 B.R. 135, 137-38 (Bankr. S.D. Ohio 1989) (citing *In re Vantage Petroleum Corp.*, 34 B.R. 650, 651 (Bankr. E.D.N.Y. 1983)); *see also In re Szadjowski*, 198 B.R. 140, 141 (Bankr. D. Md. 1996) ("A Rule 2004 examination allows a broad 'fishing expedition' into an entity's affairs for the purpose of obtaining information relevant to the administration of the bankruptcy estate."); *In re Coffee Cupboard, Inc.*, 128 B.R. 509 (Bankr. E.D.N.Y. 1991).

21. Requiring the Debtor to submit to an examination and produce documents is not only authorized by Bankruptcy Rule 2004, but also will be in the best interest of the Debtor's estate and its creditors. Discovery of the information requested is essential for SFG to appropriately investigate the Debtor's assets and liabilities and financial condition.

22. The relief requested herein is well within the scope of Bankruptcy Rule 2004 and is narrowly tailed as not to impose any undue hardship on the Debtor. No party will be prejudiced by the granting of the relief requested herein.

23. SFG reserves its rights to supplement its requests for additional documents and information as is deemed necessary.

## NOTICE

24. Notice of this Motion has been given to: (a) the Debtor; (b) counsel for the Debtor; (c) the Office of the United States Trustee for the Southern District of New York; and (d) all parties requesting notice pursuant to Bankruptcy Rule 2002. SFG respectfully submits that, in light of the nature of the relief requested herein, no further notice is necessary or required.

## NO PRIOR REQUEST

25. No prior request for the relief sought herein has been made by SFG to this Court or any other court.

## PRAYER

WHEREFORE, SFG respectfully requests that this Court enter an order substantially in the form of the Proposed Order, directing the production of documents by the Debtor and directing the Debtor to appear at a Rule 2004 examination. SFG further requests such other and further relief to which SFG may be justly entitled.

Dated: February 20, 2020

Respectfully submitted,

/s/ *Deborah D. Williamson*
Deborah D. Williamson
Texas Bar No. 21617500 (admitted *pro hac vice*)
dwilliamson@dykema.com
Danielle N. Rushing
Texas Bar No. 24086961 (admitted *pro hac vice*)
drushing@dykema.com
**DYKEMA GOSSETT PLLC**
112 E. Pecan Street, Suite 1800
San Antonio, Texas 78205
Telephone: (210) 554-5500
Facsimile: (210) 226-8395

and

J. David Dickson
Texas Bar No. 05839500 (admitted *pro hac vice*)0.
dickson@thetexasfirm.com
**BEARD KULTGEN BROPHY**
**BOSTWICK & DICKSON, PLLC**
220 South 4th Street
Waco, Texas 76701
Telephone: (254) 776-5500
Facsimile: (254) 776-3591

and

Anne Penachio (local counsel)
anne@pmlawllp.com
**PENACHIO MALARA LLP**
245 Main Street, Suite 450
White Plains, New York 10601
Telephone: (914) 946-2889

*Counsel for Southern Financial Group, LLC*