PENACHIO MALARA LLP
Counsel for Creditor Southern Financial Group LLC
245 Main Street, Suite 450
White Plains, New York 10601
(914) 946-2889

**HEARING DATE & TIME:**
**MAY 8, 2020 AT 10:00 AM**

Anne Penachio, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
In re                               :      CHAPTER 11
                                    :
    TRIAX CAPITAL ADVISORS LLC,     :
                                    :      CASE NO.: 19-24145 (RDD)
                                    :
                        Debtor.     :
------------------------------------X

### NOTICE OF HEARING ON MOTION OF SOUTHERN FINANCIAL GROUP, LLC FOR ENTRY OF AN ORDER FOR RELIEF FROM THE AUTOMATIC STAY TO PROCEED WITH TEXAS STATE COURT LITIGATION OR, IN THE ALTERNATIVE, SEVERANCE OF DEBTOR

**PLEASE TAKE NOTICE** that a hearing on the motion (the Motion") of creditor, **SOUTHERN FINANCIAL GROUP, LLC** by and through its attorney, Penachio Malara, LLP, for entry of an order for relief from the Automatic Stay to proceed with Texas State Court litigation or, in the alternative, severance of **TRIAX CAPITAL ADVISORS LLC**, the above-referenced debtor, will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, in his Courtroom at the United States Bankruptcy Court, Charles L. Brieant, Jr. Federal Building and Courthouse, 300 Quarropas Street, White Plains, NY 10601 on May 8, 2020 at 12:00 Noon.

**PLEASE TAKE FURTHER NOTICE,** that a copy of the Motion is available on the Bankruptcy Court website, www.nysb.uscourts.gov, and from the undersigned on request.

**PLEASE TAKE FURTHER NOTICE**, that objections, if any, should be filed and served upon the undersigned with a copy delivered to the Bankruptcy Judge's Chambers at least seven (7) days prior to the return date. In the event that no objections are interposed, the Motion may be granted.

Dated: March 3, 2020
       White Plains, New York

                                            **PENACHIO MALARA LLP**

                                            /s/Anne Penachio
                                            Anne Penachio
                                            Counsel for Creditor
                                            Southern Financial Group LLC
                                            245 Main Street - Suite 450
                                            White Plains, NY 10601
                                            (914) 946-2889

Anne Penachio *(local counsel)*
PENACHIO MALARA, LLP
245 Main Street, Suite 450
White Plains, New York 10601
Telephone: (914) 946-2889

*Counsel for Southern Financial Group, LLC*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
In re:

TRIAX CAPITAL ADVISORS LLC

CHAPTER 11
Case No. 19-24145 (RDD)

-------------------------------------------------------------X

**CREDITOR SOUTHERN FINANCIAL GROUP, LLC'S MOTION FOR
ENTRY OF ORDER FOR RELIEF FROM THE AUTOMATIC STAY
TO PROCEED WITH TEXAS STATE COURT LITIGATION OR,
IN THE ALTERNATIVE, SEVERANCE OF DEBTOR**

TO: THE HONORABLE ROBERT D. DRAIN,
UNITED STATE BANKRUPTCY JUDGE:

Creditor Southern Financial Group, LLC ("SFG"), through its undersigned counsel, files this *Motion for Entry of an Order for Relief From the Automatic Stay to Proceed With Texas State Court Litigation or, In the Alternative, Severance of Debtor* (the "Motion"), seeking entry of an Order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to 11 U.S.C. § 362(d) to continue Texas state-court litigation captioned Cause No. 2018-3568-5, *Southern Financial Group, LLC v. Joseph E. Sarachek, TopCo 1, LLC, JSARCo, LLC, and Triax Capital Advisors, LLC*, pending in the 414th District Court in McLennan County, Texas (the "Texas State Court Litigation") or, in the alternative, severance of the Debtor from the Texas State Court Litigation. In support of the Motion, SFG respectfully states as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction to consider and determine this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding under 28 U.S.C. § 157(b)(2)(G).

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The predicates for relief are, as applicable, 11 U.S.C. §§ 105 and 362, Rule 4001(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 4001-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

## RELEVANT BACKGROUND

5. On or about September 12, 2017, Joseph E. Sarachek ("Sarachek"), Debtor's sole and managing member, executed a promissory note, for valuable consideration, made payable to SFG in the principal amount of $1,300,000.00 (the "Note"), a true and correct copy of which is attached hereto as **Exhibit B**. The Note evidences a loan agreement (the "Loan Agreement") dated September 12, 2017, between SFG, Sarachek, JSARCo, LLC ("JSARCo"), and the Debtor, a true and correct copy of which is attached hereto as **Exhibit C**.

6. On or about September 12, 2017, TopCo 1, LLC ("TopCo") executed an absolute and unconditional guaranty (the "TopCo Guaranty"), for valuable consideration, in which TopCo guaranteed to SFG the prompt payment in full when due, whether by acceleration or otherwise, any and all of the indebtedness evidenced by the Note.

7. On or about September 12, 2017, JSARCo executed an absolute and unconditional guaranty, for valuable consideration, in which JSARCo guaranteed to SFG the

prompt payment in full when due, whether by acceleration or otherwise, any and all of the indebtedness evidenced by the Note.

8. On or about September 12, 2017, the Debtor, for valuable consideration, executed a pledge agreement to secure the Note (the "Triax Pledge Agreement"), in which the Debtor pledged, granted, transferred, and assigned to SFG a security interest in all of the Debtor's right, title, and interest in and to the Collateral as defined in the Triax Pledge Agreement as follows:

  a.  *"Collateral"* shall mean the Pledged Interests, the Future Rights, and the Proceeds, collectively.

  b.  *"Future Rights"* shall mean: (a) all Equity Interests (other than Pledged Interests) of the Issuer, and all securities convertible or exchangeable into, and all warrants, options, or other rights to purchase, Equity Interests of the Issuer; and (b) the certificates or instruments representing such Equity Interests, convertible or exchangeable securities, warrants, or other rights and all dividends, cash, options, warrants, rights, instruments, and other property or proceeds from time to time received, receivable, or otherwise distributed in respect of or in exchange for any or all of such Equity Interests.

  c.  *"Pledged Interests"* shall mean: (a) all Equity Interests of the Issuer identified on **Schedule 1**; and (b) the certificates or instruments representing such Equity Interests.

  d.  *"Proceeds"* shall mean all proceeds (including proceeds of proceeds) of the Pledged Interests and Future Rights including all: (a) rights, benefits, distributions, premiums, profits, dividends, interest, cash, instruments, documents of title, accounts, contract rights, inventory, equipment, general intangibles, payment intangibles, deposit accounts, chattel paper, and other property from time to time received, receivable, or otherwise distributed in respect of or in exchange for, or as a replacement of or a substitution for, any of the Pledged Interests, Future Rights, or proceeds thereof (including any cash, Equity Interests, or other securities or instruments issued after any recapitalization, readjustment, reclassification, merger or consolidation with respect to the Issuer and any security entitlements, as defined in Section 8-102(a)(17) of the Code, with respect thereto); (b) "proceeds," as such term is defined in Section 9-102(a)(65) of the Code; (c) proceeds of any insurance, indemnity, warranty, or guaranty (including guaranties of delivery) payable from time to time with respect to any of the Pledged Interests, Future Rights, or proceeds

> thereof; (d) payments (in any form whatsoever) made or due and payable to Pledgor from time to time in connection with any requisition, confiscation, condemnation, seizure or forfeiture of all or any part of the Pledged Interests, Future Rights, or proceeds thereof; and (e) other amounts from time to time paid or payable under or in connection with any of the Pledged Interests, Future Rights, or proceeds thereof.

Triax Pledge Agreement ¶ 1(a). A true and correct copy of the Triax Pledge Agreement is attached hereto as **Exhibit D**.

9. On or about September 12, 2017, Sarachek, for valuable consideration, executed a pledge agreement (the "Sarachek Pledge Agreement") to secure the Note, in which he pledged, granted, transferred, and assigned to SFG a security interest in all of his right, title, and interest in or to the Collateral as defined in the Sarachek Pledge Agreement. Collateral is defined identically in the Triax Pledge Agreement (as excerpted above) as in the Sarachek Pledge Agreement.

10. On September 28, 2018, SFG filed its Original Petition and Request for Disclosure in the Texas State Court Litigation.

11. The defendants in the Texas State Court Litigation filed their Original Answer and Request for Disclosure on November 29, 2018.

12. On September 20, 2019, SFG filed its Traditional Motion for Summary Judgment (the "Motion for Summary Judgment") against Sarachek, TopCo, JSARCo, and the Debtor in the Texas State Court Litigation. Specifically, SFG asserts that the Texas State Court Litigation defendants

> [B]reached certain obligations under the Note, the Loan Agreement, the TopCo Guaranty, the JSARCo Guaranty, the Triax Pledge Agreement, and the Sarachek Pledge Agreement, by failing to pay certain installments due in accordance with the terms of the Note, failing to pay the cash sum of $40,000.00 as the origination fee under the Loan Agreement, and failing to deliver to [SFG] the original of that certain Common Stock Purchase Warrant of Emergent Capital, Inc. issued on July 28, 2017 for the purchase of 13,575,000 shares of common stock of Emergent Capital, Inc.

SFG's Traditional Mot. for Summ. J. ¶ 8. A true and correct copy of SFG's Motion for Summary Judgment is attached hereto as **Exhibit E**. On November 1, 2019, SFG filed its notice of hearing on the Motion for Summary Judgment, setting the Motion for Summary Judgment hearing on December 13, 2019.

13. The Texas State Court Litigation defendants filed their response and objections to SFG's Motion for Summary Judgment on December 6, 2019.

14. On December 11, 2019 (the "Petition Date"), the Debtor filed its voluntary petition in this Court for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). SFG understands that since the Petition Date, the Debtor remains the debtor-in-possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code. As of the date of filing this Motion, neither a trustee or an examiner nor an official committee have been appointed in this chapter 11 case (the "Case").

15. On December 12, 2019, the Texas State Court Litigation defendants filed their notice of bankruptcy, staying the Texas State Court Litigation.

## RELIEF REQUESTED

16. By this Motion, SFG seeks relief from the automatic stay to permit SFG to continue prosecuting the Texas State Court Litigation. The Texas State Court Litigation has been pending since September 2018, and SFG believes that the Texas State Court Litigation will be best and most efficiently adjudicated in the 414th District Court in McLennan County, Texas. Accordingly, for these reasons and the reasons set forth below, it is in the best interest of the Debtor, its estate, and its creditors, and good cause exists for this Court to grant the relief requested herein.

## ARGUMENT AND AUTHORITY

17. Title 11 of the United States Code (the "Bankruptcy Code") provides that a bankruptcy petition operates as a stay of the continuation of a judicial proceeding against a debtor to collect or recover a claim that arose before the commencement of a case. *See* 11 U.S.C. § 362(a)(1),(6). The automatic stay is designed to protect a debtor's assets for equitable distribution to creditors in lieu of a race to the courthouse. *See Brown v. Chesnut (In re Chesnut)*, 422 F.3d 298, 301 (5th Cir. 2005); *McMillan v. MBank Fort Worth, N.A.*, 4 F.3d 362, 366 (citing *GATX Aircraft Corp. v. M/V Courtney Leigh*, 768 F.2d 711, 716 (5th Cir. 1985)). Stated differently, "[t]he automatic stay is intended to benefit creditors collectively by preventing individual creditors from acting unilaterally to the detriment of other creditors." *In re Mid-City Parking, Inc.*, 332 B.R. 798, 815 (Bankr. N.D. Ill. 2005); *see also Chesnut*, 422 F.3d at 301.

18. A bankruptcy court may terminate, annul, lift, or condition the automatic stay. *See* 11 U.S.C. § 362(d); *see also In re Boodrow*, 126 F.3d 43, 47 (2d Cir. 1997). After notice and a hearing, a bankruptcy court shall grant relief to a party in interest from the automatic stay for cause. *See* 11 U.S.C. § 362(d)(1). While "cause" is not defined, courts have considered numerous factors in determining if a request for relief from the automatic stay is appropriate. *See In re Laventhol & Horwrath*, 139 B.R. 109, 116 (S.D.N.Y. 1992) (citation omitted).

19. The Second Circuit has set forth a number of factors to be considered by a bankruptcy court in determining whether "cause" exists to lift the automatic stay so as to allow litigation to proceed or continue to proceed in another forum. *See Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.)*, 907 F.2d 1280, 1285–86 (2d Cir. 1990). The *Sonnax* factors include: (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether

the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending the proceeding; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable distribution; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) the impact of the stay on the parties and the balance of harms.

20. The bankruptcy court need not give equal weight to each factor because not all factors will be present in every case. *See Mazzeo v. Lenhart (In re Mazzeo)*, 167 F.3d 139, 143 (2d Cir. 1999); *Lamarche v. Miles*, 416 B.R. 53, 58 (E.D.N.Y. 2009). Instead, the bankruptcy court should consider "the particular circumstances of the case and ascertain what is just" to all parties concerned. *In re Watkins*, Case Nos. 05-CV-344 & 05-CV-790, 2005 U.S. Dist. LEXIS 44754 (E.D.N.Y. Aug. 23, 2005). For the reasons set forth below, the *Sonnax* factors weigh in favor of lifting the automatic stay with respect to the Texas State Court Litigation.

21. Here, SFG's Motion for Summary Judgment is pending in the Texas State Court Litigation, and the defendants' response and objections are on file. Because it is a dispositive motion, there is a possibility that the Motion for Summary Judgment will result in a partial or even a complete resolution of the issues. This factor favors in lifting the automatic stay so that the Texas State Court Litigation may proceed.

22. The Texas State Court Litigation is admittedly connected to this Case, but its connection to the bankruptcy case does not mean that lifting the stay for the Texas State Court Litigation to proceed will "interfere" with this Case. The progress of this Case depends on the

determination of the breach by the Debtor and/or others and the amounts owed to SFG on said breach, which should be decided by the 414th District Court in McLennan County, Texas. Thus, aiding the bankruptcy court rather than interfering with the bankruptcy proceeding. *See In re Taub*, 438 B.R. 39, 46 (Bankr. E.D.N.Y. 2010). Therefore, this factor weighs in favor of lifting the automatic stay.

23. The third factor is not applicable here because the Debtor is not a fiduciary in the Texas State Court Litigation.

24. Next, the underlying agreements from which the Texas State Court Litigation arises all contain McLennan County, Texas, choice of law and jurisdiction provisions. Thus, the fourth factor weighs in favor of lifting the automatic stay in order for the Texas State Court Litigation to proceed in the 414th District Court in McLennan County, Texas.

25. The fifth factor is not applicable here because there is no insurer that has assumed any responsibility for defending the Debtor in the Texas State Court Litigation.

26. The Texas State Court Litigation involves the Debtor and other defendants, some of which are listed by the Debtor as codebtors. Because other defendants are involved in the Texas State Court Litigation, this factor weighs in favor of lifting the automatic stay.

27. Seventh, the Texas State Court Litigation would not prejudice the interests of other creditors, as SFG is listed by the Debtor as the only secured creditor in this case. Debtor's Schedule D lists SFG's claim as unliquidated but not contingent or disputed. *See* Doc. No. 12, Sch. D ¶ 2.1. The Texas State Court Litigation will determine the extent of any liability of the Debtor, resolving the Debtor's "unliquidated" status of SFG's claim. Any prejudicial effect that may theoretically result to other creditors in any eventual plan of reorganization will occur in this Case because of this Court's exclusive jurisdiction. The risk of prejudice to other creditors can be limited in scope by this Court so that the Texas State Court Litigation may proceed in

McLennan County, Texas, but any enforcement of a judgment shall occur in this Case. *See In re Cole*, 202 B.R. 356, 362 (Bankr. S.D.N.Y. 1996). Because the Court has broad discretion, this factor weighs in favor of lifting the automatic stay for the Texas State Court Litigation to proceed on the pending motions.

28. The eighth factor is not applicable in this case because SFG is not seeking a distribution from any assets of the Debtor's estate, absent an order from this Court.

29. With regard to the ninth factor, SFG does not believe a favorable ruling on its Motion for Summary Judgment will result in an avoidable judicial lien because SFG is not seeking the enforcement of any judgment obtained in the Texas State Court Litigation against the Debtor outside this Court's jurisdiction. SFG is merely asking this Court to lift the automatic stay so that the Texas State Court Litigation can proceed for determination by the 414th District Court in McLennan County, at which point SFG can seek enforcement of any judgment against the Debtor in this Court. Thus, this factor weighs in favor of lifting the stay.

30. The interests of judicial economy and the expeditious and economical resolution of the Texas State Court Litigation weigh in favor of the 414th District Court in McLennan County, Texas, due to its familiarity with Texas statutory provisions and case law and quick turnaround for obtaining a hearing date and time.

31. The eleventh factor also weighs in favor of lifting the stay for the Texas State Court Litigation to proceed on SFG's Motion for Summary Judgment because the Motion for Summary Judgment has been fully briefed. But for the Debtor filing its petition in this Court, SFG's Motion for Summary Judgment would have already been heard by the 414th District Court in McLennan County, Texas.

32. Lastly, the continuance of the automatic stay with regard to the Texas State Court Litigation will result in time-consuming, expensive litigation in this Case on issues that are

ready for adjudication by the 414th District Court in McLennan County, Texas. Resolution of the Texas State Court Litigation will immensely assist this Court in the administration of the Debtor's claims. Moreover, no potential harm to other creditors will result by lifting the stay and allowing the Texas State Court Litigation to proceed, as relief may be limited to the rendering of a judgment so that this Court retains exclusive jurisdiction with regard to enforcement of any judgment obtained against the Debtor. Therefore, this factor weighs in favor of lifting the automatic stay.

33. SFG's prior efforts in the Texas State Court Litigation should not have been in vain, particularly when the 414th District Court in McLennan County, Texas, can effectuate a quicker and more efficient resolution. For the above reasons, this Court should lift the automatic stay with respect to the Texas State Court Litigation.

## ALTERNATIVE RELIEF

34. Alternatively, if this Court does not lift the automatic stay for the Texas State Court Litigation to proceed, SFG seeks an order of this Court allowing SFG to sever the Debtor out of the Texas State Court Litigation.

## WAIVER OF RULE 4001(A)(3) STAY OF EFFECTIVENESS OF ORDER

35. SFG respectfully requests that the Court waive the stay imposed by Bankruptcy Rule 4001(a)(3) so that the order on this Motion is effective immediately. Such waiver will allow the parties and the 414th District Court in McLennan County, Texas, to proceed immediately with all matters pending in the Texas State Court Litigation, promoting a just and efficient resolution of the litigation.

## NOTICE

36. Notice of this Motion has been given to: (a) the Debtor; (b) counsel for the Debtor; (c) the Office of the United States Trustee for the Southern District of New York; and

(d) all parties requesting notice pursuant to Bankruptcy Rule 2002. SFG respectfully submits that, in light of the nature of the relief requested herein, no further notice is necessary or required.

## PRAYER

WHEREFORE, SFG respectfully requests that this Court enter an order substantially in the form of the Proposed Order, lifting the automatic stay for the Texas State Court Litigation to proceed in the 414th District Court in McLennan County, Texas, or, in the alternative, severance of the Debtor from the Texas State Court Litigation. SFG further requests such other and further relief to which SFG may be justly entitled.

Dated: February 20, 2020

Respectfully submitted,

*/s/ Deborah D. Williamson*
Deborah D. Williamson
Texas Bar No. 21617500 (admitted *pro hac vice*)
dwilliamson@dykema.com
Danielle N. Rushing
Texas Bar No. 24086961 (admitted *pro hac vice*)
drushing@dykema.com
**DYKEMA GOSSETT PLLC**
112 E. Pecan Street, Suite 1800
San Antonio, Texas 78205
Telephone: (210) 554-5500
Facsimile: (210) 226-8395

and

J. David Dickson
Texas Bar No. 05839500 (admitted *pro hac vice*)
dickson@thetexasfirm.com
**BEARD KULTGEN BROPHY
BOSTWICK & DICKSON, PLLC**
220 South 4th Street
Waco, Texas 76701
Telephone: (254) 776-5500
Facsimile: (254) 776-3591

and

Anne Penachio (local counsel)
anne@pmlawllp.com
**PENACHIO MALARA LLP**
245 Main Street, Suite 450
White Plains, New York 10601
Telephone: (914) 946-2889

*Counsel for Southern Financial Group, LLC*