UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
In re

TRIAX CAPITAL ADVISORS, LLC,

Chapter 11

Case No. 19-24145(RDD)

Debtor
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**APPLICATION FOR EXAMINATION OF THE DEBTOR AND
JOSEPH E. SARACHEK AND PRODUCTION OF DOCUMENTS
UNDER FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004**

**TO:    THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE**

Principal Land, LLC ("Principal"), a creditor and party in interest of Triax Capital Advisors, LLC, the debtor and debtor in possession herein ("Debtor"), by and through its attorney, Kurtzman Matera, P.C., in support of the Application for a Federal Rule of Bankruptcy Procedure ("Rule") 2004 examination of the Debtor and Joseph E. Sarachek ("Sarachek"), respectfully sets forth as follows:

**BACKGROUND**

1.    The Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code ("Bankruptcy Code") on December 11, 2019 ("Filing Date").  The Debtor, thereupon, continued in the management and operation of its business as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed and no official committee appointed.

2.    The Debtor appeared at a Section 341(a) meeting of creditors, by and through its principal, Sarachek, on February 27, 2020.  Sarachek testified that his personal tax returns encompassed information pertaining to the Debtor.

3.    The Debtor was, at the Section 341(a) meeting, requested to produce to the Office

of the United States Trustee, with copies to counsel for Southern Financial Group, LLC ("SFG"), Norma Loren and Principal various documents and/or responses including: (I) insider payments for the three (3) years prior to the Filing Date; (ii) three (3) years of Federal and State tax returns; and (iii) a specific description of "books and records".

4.  Since the Section 341(a) meeting none of the above enumerated documents/ answers have been provided and, in fact, counsel for the Debtor has specifically advised that tax returns will <u>not</u> be produced. The Debtor also testified at the Section 341(a) meeting that it is seeking refinancing.

5.  Principal, in the interest of economy, and with the consent of counsel for SFG, stipulated to allow joinder on its pending Rule 2004 examination (Dkt. No. 32), with N otice of Presentment for March 27, 2020 at 10:00 a.m..

6.  On March 18, 2020 (Dkt. No. 33), SFG adjourned the Presentment Date of the Rule 2004 examination (Dkt. No. 22) to April 24, 2020.

7.  With SFG opting to adjourn its Rule 2004 for an unstated reason, Principal must now forego its joinder and independently pursue information.

## **ARGUMENT**

8.  Rule 2004 states, in pertinent part, as follows:

(a) Examination on Motion. On motion of any party in interest, the court may order the examination of any entity.

(b) Scope of Examination. The examination of an entity under this rule or of the debtor under §343 of the Code may relate only to the acts, conduct or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge. . . . The examination may also relate to the operation of any business and the desirability of its continuance, the source of any money or property acquired or to be acquired by the debtor for purposes of consummating a plan and the

consideration given or offered therefor, and any other matter relevant to the case or to the formulation of a plan.

(C)  Compelling Attendance and Production of Documents.  The attendance of an entity for examination and for the production of documents, whether the examination is to be conducted within or without the district in which the case is pending, may be compelled as provided in Rule 9016 for the attendance of a witness at a hearing or trial.

(d)  Time and Place of Examination of Debtor.  The court may for cause shown and on terms as it may impose order the debtor to be examined under this rule at any time or place it designates, whether within or without the district wherein the case is pending.

9.  An examination under Rule 2004 "may relate . . . to the acts, conduct, or property or to the liabilities and financial condition of the debtor or to any matter which may affect the administration of the debtor's right to a discharge."  See In re CIS Corporation, 123 B.R. 488, 490 (S.D.N.Y. 1991)("CIS"); e.g. In re Ecam Publications, Inc., 131 B.R. 556, 559 (Bankr. S.D.N.Y. 1991)("Ecam").  This language has been interpreted as providing latitude to conduct discovery broader in scope than that provided for under the Federal Rules of Civil Procedure.  See Ecam, 131 B.R. at 559.  In fact, the scope of a 2004 examination is so broad that it has been likened to a "fishing expedition".  See Ecam, 131 B.R. at 559.  Under this Rule, the Debtor is permitted to inspect and photocopy documents and papers in the possession, custody or control of "an entity".  See Rule 2004(c)("The attendance of any entity for examination and the production of documentary evidence may be compelled in the manner provided in Rule 9016 for the attendance of witnesses at a hearing or trial.").  Third parties with knowledge of a debtor's affairs are also subject to an oral examination under this rule.  See CIS, 123 B.R. at 490; e.g. Ecam, 131 B.R. at 559.

10.  At this time, Principal is seeking the promised documents, including tax returns and bank statements and information consistent with the alleged refinancing, operation of the business and payments to insiders.  Production of these documents and an examination of the

Debtor and maximizing the estate for the benefit of creditors.

11. With Notice of the Stipulation allowing joinder in the Rule 2004 of SFG on file with the Court (Dkt. No. 32), it is requested that the Presentment Date on such submission be maintained for the Rule 2004 examination proposed herein.

Dated: Chestnut Ridge, New York
March 22, 2020

          Kurtzman Matera, P.C.
          Attorneys for Principal Land, LLC

          /s/ Rosemarie E. Matera
          Rosemarie E. Matera