| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | Hearing Date:  April 30, 2020<br>Hearing Time:  10:00 a.m. |

-----------------------------------------------------x
                                                  :

In re                                             :    Case No. 17-22218-rdd

TRIAX CAPITAL ADVISORS, LLC,         :
                                                  :    (Chapter 11)
                 Debtor.              :

-----------------------------------------------------x

        PLEASE TAKE NOTICE that upon this Notice of Motion and the accompanying memorandum of law and the declaration of Greg M. Zipes, William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), will move this Court before the Honorable Robert D. Drain, Bankruptcy Judge, in the United States Bankruptcy Court, One Bowling Green, New York, New York 10004 on April 30, 2020 at 10:00 a.m., or as soon thereafter as counsel can be heard, for an order converting the case to one under Chapter 7 of the Bankruptcy Code or dismissing this Chapter 11 case, and for such other and further relief as this Court may deem just and proper.

        PLEASE TAKE FURTHER NOTICE that any responsive papers should be filed with the Court and personally served on the United States Trustee, at 201 Varick Street, Room 1006, New York, New York 10014, to the attention of Greg M. Zipes, Esq., no later than three (3) days prior to the return date set forth above.   Such papers shall conform to the Federal Rules of Civil Procedure and identify the party on whose behalf the papers are submitted, the nature of the

response, and the basis for such response.

Dated: New York, New York
      March 27, 2020

                                      WILLIAM K. HARRINGTON
                                      UNITED STATES TRUSTEE

                            By:    /s/ *Greg M. Zipes*
                                    Greg M. Zipes
                                    Trial Attorney
                                    201 Varick Street, Room 1006
                                    New York, New York 10014
                                    Tel. No. (212) 510-0500
                                    Fax. No. (212) 668-2255

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x
                                                        :
In re                                                   :   Case No. 17-22218-rdd
                                                        :
TRIAX CAPITAL ADVISORS LLC,                             :
                                                        :   (Chapter 11)
                              Debtor.                   :
                                                        :
------------------------------------------------------- x

**MEMORANDUM OF LAW OF THE UNITED STATES TRUSTEE
IN SUPPORT OF MOTION FOR AN ORDER TO CONVERT
OR DISMISS THIS CHAPTER 11 CASE**

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

This memorandum of law is in support of the motion (the "Motion") of William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), for an order converting the case of Triax Capital Advisors LLC to a case under Chapter 7 of the Bankruptcy Code or to dismiss this case.

**INTRODUCTION**

The Debtor has been unresponsive to requests by the United States Trustee to provide basic information, including tax returns and payments to insiders. The Debtor promised to provide information by a date certain (March 5, 2020) and failed to abide by this deadline. The Debtor's principal is a professional in the restructuring field and understands the need to provide timely information. Because of the Debtor's failure to respond to reasonable requests by the United States Trustee, this case should be converted or dismissed. The case should be converted or dismissed for the additional reason that the Debtor has not filed its February 2020 monthly operating report.

# FACTS

1. The Debtor filed for Chapter 11 bankruptcy relief on December 11, 2019.

2. According to the Debtor, the Debtor has been engaged in the restructuring business since 2001, first as a restructuring advisory firm and more recently as an investor in the bankruptcy claim trading business.   See Zipes Decl. Ex. A (Local Rule Affidavit) at ¶ 3.

3. Specifically, the Debtor has purchased claims in two cases.   The first is in the receivership proceeding of the Stanford International Bank pending in Antigua (the "Stanford Proceeding") and the second is the chapter 11 proceeding of Life Partners, Inc. which is pending in the Western District of Texas (the Life Partners Proceeding").   Id. (Local Rule Affidavit) at ¶ 4.

4. The Debtor reports that it owns approximately $12.2 million (face amount) of claims in the Stanford proceeding and a 50% membership interest in LPAQ, LLC, a partnership which holds 9,567,604 units in the liquidating trust which was created in the Life Partners Proceeding. Id. (Local Rule Affidavit) at ¶ 4.

5. In its Schedules of the Assets and Liabilities (the "Schedules"), the Debtor listed total assets of $2,679,094.83 (Schedules A and B) and total liabilities of $4,257,597.74 (Schedules D and F).   The Debtor's major assets were listed as a "Stanford International Trade Claim" in the amount of $1,200,000 and a "LPAQ, LLC" interest with a value of $1,300,000. See Zipes Decl. at ¶ 4 (reciting information in the Schedules).

6. The Debtor claims that it was forced to file for Chapter 11 bankruptcy case because of a pending "firesale" sale of its 50% interest in LPAQ, LLC in the Life Partners Proceeding by one of the Debtor's creditors. See Zipes Decl. at (Local Rule Affidavit) ¶ 5.

**The United States Trustee Requests for Information**

7.     On February 27, the United States Trustee conducted the meeting of creditors in this case (the "341 Meeting"). At the 341 Meeting, Mr. Sarachek could not provide certain basic information about the Debtor, including tax returns and a list of amounts paid by the Debtor to Mr. Sarachek and his family members in the last three years. See Zipes Decl. at ¶ 5. In this regard, it was noted that the creditor claims far exceed the amounts the Debtor spent on purchasing claims, leading to the question of the disposition of those excess funds. Mr. Sarachek agreed to provide certain information by the close of business on March 5, 2020. Id.

8.     By letter dated February 27, 2020, the United States Trustee summarized information requested at the 341 Meeting (the "United States Trustee Letter"). See Zipes Decl. Ex. B.

9.     In the United States Trustee Letter, the United States Trustee summarized the Debtor's obligations, including that the Debtor's promise to provide the following by March 5, 2020:

(a)     The last three years of federal and state tax returns of the Debtor's principal. The Debtor testified that the Debtor did not have its own tax returns but reported income on the tax returns of the Debtor's principal. As stated in the United States Trustee Letter, the Debtor intended to redact information to protect non-debtor income from disclosure.

(b)     All insider transactions for the last three years, with the definition of "insider" interpreted broadly to include the principal's other business interests and family members.

(c)     A statement of what the Debtor kept as its "books and records." The Debtor apparently did not keep ledgers or journals as such. The Debtor has bank accounts and transaction accounts. The Debtor was going to review what it has in the way of records, and among other things, list its bank accounts.

10.     The Debtor did not provide any of the documents requested in the United States Trustee Letter. See Zipes Decl. at ¶ 6.

3

11.     The Debtor did file its January 2020 monthly operating report (the "January MOR").  The MOR shows minimal activity by the Debtor.  See Zipes Decl. Ex. C.  The docket reflects that the Debtor did not file a monthly operating report after that January MOR.  See Zipes Decl. at ¶ 7.

**ARGUMENT**

Section 1112(b) of the Bankruptcy Code describes a variety of factors which may constitute "cause" for the dismissal of a Chapter 11 case in its entirety.  See 11 U.S.C. § 1112(b).  The circumstances listed in section 1112(b) are not exhaustive and courts are free to consider other factors in determining if conversion or dismissal of a case is appropriate.  In re BH S&B Holdings, LLC, 439 B.R. 342, 346 (Bankr. S.D.N.Y. 2010).  The bankruptcy court has wide discretion to determine if cause exists and how to ultimately adjudicate the case.  In re The 1031 Tax Group, LLC, 374 B.R. 78, 93 (Bankr. S.D.N.Y. 2007); cf. In re C-TC 9th Ave. P'ship, 113 F.3d 1304, 1311 (2d Cir. 1997) (bankruptcy Court may dismiss Chapter 11 filing on motion or sua sponte upon a finding that the filing was in "bad faith" even without consideration of factors set out in section 1112(b)).

Here, at least two enumerated provisions of Section 1112(b)(4) are implicated.  Subsection (F) provides for conversion or dismissal upon an "unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;" and Subsection (H) provides for conversion or dismissal upon a " failure timely to provide information or attend meetings reasonably requested by the United States trustee (or the bankruptcy administrator, if any)."

The Debtor's failure to comply with reasonable demands from the United States Trustee for information constitutes "cause" to convert or dismiss this case, pursuant to 11 U.S.C. §

4

1112(b)(4)(H).  In re Spencerport Dev., LLC, No. 14-21154 (PRW), 2014 Bankr. LEXIS 4909 (Bankr. W.D.N.Y. Dec. 4, 2014) (finding cause under 11 U.S.C. § 1112(b)(4)(H) because of the debtor's failure to provide the United States Trustee with: (1) proof of a Debtor-in-Possession account, and (2) copies of tax returns for the last two years).  As stated, the Debtor has failed to provide information requested by the United States Trustee, including tax returns and information on insider transactions.  Further, the United States Trustee set a reasonable deadline, without compliance.  As disclosed in the Schedules and as raised at the 341 Meeting, the Debtor raised funds in excess of money it spent on claims purchases, leading to the question of what happened to the additional funds.

In addition, conversion or dismissal is appropriate under 11 U.S.C. § 1112(b)(4)(F). Here, the Debtor has not yet filed its February 2020 monthly operating report.  See Zipes Decl. at ¶ 7; In re Adbrite Corp., 290 B.R. 209, 214 (Bankr.S.D.N.Y.2003). In re Berryhill, 127 B.R. 427, 433 (Bankr.N.D.Ind.1991) ("the failure to file operating reports in itself constitutes cause for dismissal").  While the failure to file an operating report for one month is not usually grounds to convert or dismiss, here the Debtor's principal is a restructuring expert.  Given that the Debtor has failed to provide relevant information, this additional failure to file a timely monthly operating report takes on added significance and constitutes an additional ground to convert or dismiss.

WHEREFORE, the United States Trustee respectfully requests that the Court enter an order converting this Chapter 11 case or dismissing this case, pursuant to 11 U.S.C. § 1112(b) and granting such other and further relief as may be deemed just and proper.

Dated: New York, New York
March 27, 2020

                                    Respectfully submitted,

                                    WILLIAM K. HARRINGTON
                                    UNITED STATES TRUSTEE

By:   /s/ Greg M. Zipes
        Greg M. Zipes
        Trial Attorney
        201 Varick Street, Room 1006
        New York, New York 10014
        Tel. No. (212) 510-0500