KIRBY AISNER & CURLEY LLP  *Hearing Date: June 12, 2020*
*Attorneys for the Debtor*  *Hearing Time: 10:00 a.m.*
700 Post Road, Suite 237
Scarsdale, New York 10583
(914) 401-9500
Erica R. Aisner, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

TRIAX CAPITAL ADVISORS LLC,

Chapter 11
Case No. 19-24145 (rdd)

Debtor
-----------------------------------------------------------X

### DEBTOR'S OBJECTION TO PROOF OF CLAIM NUMBER 5 FILED BY DAVID WEINBACH AND PROOF OF CLAIM NUMBER 6 FILED BY PRINCIPAL LAND

**TO:    HONORABLE ROBERT D. DRAIN,
        UNITED STATES BANKRUPTCY JUDGE:**

Triax Capital Advisors LLC, the above captioned debtor and debtor-in-possession ("Triax" or the "Debtor"), by its attorneys Kirby Aisner & Curley, LLP, together with the supporting Declaration of Joseph E. Sarachek, the sole member of the Debtor, hereby submits this objection ("Objection") to Proof of Claim No. 5 filed by David Weinbach ("Weinbach") and Proof of Claim No. 6 filed by Principal Land, LLC ("Principal"). In support of the Objection, the Debtor submits as follows:

**Jurisdiction and Venue**

1. The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of the Objection is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This proceeding has been initiated pursuant to Bankruptcy Code §§502, 503 and

507 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), and Rule 3007(d)(6) and (8) of the Federal Rules of Bankruptcy Procedure.

## Background

4. On December 11, 2019 ("Petition Date"), the Debtor filed a voluntary petition for reorganization pursuant to Chapter 11 of the Bankruptcy Code.

5. The Debtor has continued in possession of its property and the management of its business affairs as a debtor-in-possession §§1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or statutory committee has been appointed in this Chapter 11 case.

6. The Debtor has been engaged in the restructuring business since 2001, first as a restructuring advisory firm and more recently as an investor in bankruptcy trade claims.

## Schedules, Bar Date, and Proof of Claim

7. On January 27, 2020, the Debtor filed its Schedules of Assets and Liabilities and a Statement of Financial Affairs (the "Schedules").

8. By an Order dated February 24, 2020 (the "Bar Date Order")[ECF Docket No. 24], the Court established April 10, 2020 as the last day by which certain proof of claim could be timely filed (the "Bar Date"). In accordance with the Bar Date Order, written notice of the Bar Date was mailed to, among others, all creditors listed on the Schedules.

9. On April 6, 2020, Weinbach filed Proof of Claim No. 5 in the amount of $1,288,347.50 ("Claim No. 5"). A copy of Claim No. 5 is annexed as Exhibit "A".

10. The same day, Principal, by its bankruptcy counsel, filed Proof of Claim No. 6 asserting a secured[1] claim in the amount of $2,418,007.81 ("Claim No. 6"). A copy of Claim No. 6 is annexed hereto as Exhibit "B".

11. Upon information and belief, Weinbach is the principal of Principal.

## OBJECTION

12. By this Objection, the Debtor seeks to expunge duplicative claims, filed by Principal and Weinbach, which arise out of the same underlying obligation and to reduce the surviving claim in an amount to be determined by the Court.

13. The relevant facts are set forth in the supporting declaration of the Debtor's principal, Joseph E. Sarachek (the "Declaration"), and are incorporated herein by reference.

**Claim No. 5 and 6 are Duplicative**

14. The Debtor has no obligation to Weinbach. The underlying liability arises out the Loan[2] between the Debtor and Principal.

15. Due to a series of inartful adjudications, the arbitration, which was intended to address the defaulted Note, resulted in the Award which somehow appears to find liability on a corporate obligation held by Principal against the Debtor, in favor of Weinbach against Joseph E. Sarachek ("Sarachek"), the Debtor's sole member.

16. To further confuse the situation, in the midst of Weinbach's attempt to confirm the Award, through a separate action, Principal, by and through Jerome Goldman, Esq., the same

---

[1] Principal alleges that Claim No. 6 is secured by the filing of a UCC-1 financing statement. However, such statement was filed within the ninety (90) days prior to the Petition Date. As such, the Debtor believes that Principal's perfection of its security interest, over two years after the obligation was incurred by the Debtor is avoidable as a preference pursuant to 11 U.S.C. Section 547(b). A separate adversary proceeding will be commenced in order to seek avoidance of the purported security interest held by Principal.

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Declaration.

counsel as Weinbach, sought a separate and independent judgment against the Debtor by filing the COJ which was invalid.

17. As set forth in the accompanying Declaration, the COJ was part and parcel of a proposed Forbearance Agreement, the terms of which were never agreed to and thus was never consummated. Were that not the case, there would have been no reason to incur the cost and delay associated with the arbitration before the religious tribunal nor the ensuing proceeding to confirm the Award. Instead, Principal could simply have proceeded to file the COJ with the Clerk of the Court.

18. The COJ not effective as it contains an invalid notary stamp. As set forth in the Declaration, the COJ was not signed before the notary and it is notarized by Weinbach who has a financial interest in the subject transaction which is not permitted under State Law. Weinbach is not an impartial party to this transaction and State Law forbids such conduct by a notary. The Debtor submits that the alteration and submission of the COJ was never authorized by the Debtor party and should be disregarded by this Court.

19. What followed, in response to Weinbach's Petition to confirm the Award in the State Court, is a partially successful attempt by Hon. Kathy J. King, J.S.C., to look past the face of the Award to the true nature of the transaction and the liability. Justice King entered an Order granting Weinbach's petition to confirm the arbitration award "**to the extent the arbitration award shall be against Triax Capital Advisors, LLC.**" Although silent on the subject, logic would dictate that if the award is confirmed as to the Debtor, it is Principal and not Weinbach that holds the claim.

20. Notwithstanding, even if the Court determines that the Order should be interpreted literally and finds that it is Weinbach and not Principal that holds the confirmed arbitration award,

only one liability should flow from the Note and in such case, Claim No. 6, as opposed to Claim No. 5, should be expunged.

**The Amount of the Surviving Claim Must be Reduced**

21. The Award, granted by the tribunal and forum selected by the creditor, was in the amount of $1,200,000.

22. The Award was confirmed by the State Court on July 8, 2019. Calculating from the date that the Award was confirmed through the Petition Date which is 156 days, at NYS statutory judgment interest at 9% ($1,210,000 * 9% = $108,900/ 365 days = $298.36 per diem), the amount of the surviving claim should be $1,256,544.16 ($1,210,000 plus interest in the amount of $46,544.16).

23. Based upon the foregoing, it is respectfully requested that the Court fix the surviving claim in the amount of $1,210,000, plus statutory interest since the July 8, 2019, less $168,206.07 received by Principal to date.

**WHEREFORE**, the Debtor respectfully requests the Court grant the relief sought herein, together with such other and further relief as is just, proper and equitable under the circumstances.

Dated: Scarsdale, New York
       April 28, 2020

Respectfully submitted,

KIRBY AISNER & CURLEY, LLP
*Attorneys for the Debtor*
700 Post Road, Suite 237
Scarsdale, New York 10583
(914) 401-9500

By: /s/ Erica R. Aisner
      Erica R. Aisner, Esq.