KIRBY AISNER & CURLEY LLP
*Attorneys for the Debtor*
700 Post Road, Suite 237
Scarsdale, New York 10583
(914) 401-9500
Erica R. Aisner, Esq.
eaisner@kacllp.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:

TRIAX CAPITAL ADVISORS LLC,

                Debtor.

-------------------------------------------------------------X
TRIAX CAPITAL ADVISORS LLC,

                Plaintiff,

            v.

PRINCIPAL LAND LLC
a/k/a PRINCIPAL LAND,

                Defendant.

-------------------------------------------------------------X

Chapter 11
Case No. 19-24145 (rdd)

Adv. Pro. No. 20-_____

**COMPLAINT (I) DETERMINING THE NATURE, EXTENT AND VALIDITY OF LIEN OF PRINCIPAL LAND, (II) AVOIDANCE OF PREFERENTIAL TRANSFER PURSUANT TO BANKRUPTCY CODE §547, (III) DISALLOWANCE OF CLAIM(S) PURSUANT TO BANKRUPTCY CODE §502, (IV) RECLASSIFYING PROOF OF CLAIM AS UNSECURED AND (V) RELATED RELIEF**

Triax Capital Advisors LLC, the above captioned debtor and debtor-in-possession ("Triax" or the "Debtor"), by its attorneys Kirby Aisner & Curley, LLP, as and for its adversary complaint (the "Complaint"), against Defendant Principal Land LLC ("Principal" or "Defendant"), pursuant to Rules 3012 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules")

and title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "<u>Bankruptcy Code</u>"), hereby respectfully alleges as follows:

## NATURE OF THE ACTION

1. This is an adversary proceeding brought pursuant to, *inter alia*, Federal Rules of Bankruptcy Procedure 3012 and 7001 and sections 105, 502, 547, 550, and 551 of the Bankruptcy Code and other applicable law: (a) determining the nature, extent and validity of lien and underlying claim asserted by Defendant, (b) seeking avoidance of the lien filed by Defendant within the ninety (90) days of the Filing Date, (c) seeking disallowance and/or recharacterization as unsecured of any claims filed by Defendant in this Chapter 11 case pursuant to § 502 of the Bankruptcy Code, (d) reclassifying Defendant's claim as unsecured and (e) such other and further relief as may be just and proper under the circumstances of this Chapter 11 Case.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this adversary proceeding by virtue of 28 U.S.C. § 1334(b) and pursuant to 28 U.S.C. § 157(a).

3. This adversary proceeding is a "core" proceeding as defined in 28 U.S.C. §§ 157(b)(2)(A) and (K).

4. In the event that any part of this adversary proceeding is found to be "non-core," Plaintiff consents to the entry of final orders and judgments by this Court, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure.

5. Venue in this District is properly laid pursuant to 28 U.S.C. § 1409.

## BACKGROUND

6. The Debtor has been engaged in the restructuring business since 2001, first as a restructuring advisory firm and more recently as an investor in bankruptcy trade claims.

2

7. On December 11, 2019 ("Petition Date"), the Debtor filed a voluntary petition (the "Chapter 11 Case") for reorganization under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

8. The Debtor has continued in possession of its property and the management of its business affairs as a debtor-in-possession §§1107(a) and 1108 of the Bankruptcy Code.

9. As of the Petition Date, the Debtor's Schedules of Assets and Liabilities listed assets totaling $2,679,094.83.

10. As of the Petition Date, the Debtor's Schedules of Assets and Liabilities listed the Debtor's secured claims in the amount of $1,675,516.56 (secured against only a portion of the Debtor's assets) and unsecured claims in the amount of $2,582,081.18.

11. Upon information and belief, Defendant Principal is the beneficial holder or owner of the Promissory Note and Loan Agreement dated in or about August, 2017 between Principal Land [sic] as lender/holder and the Debtor as borrower/maker. Upon information and belief, Defendant Principal conducts operations in the United States.

## RELEVANT FACTS

12. In or about August, 2017, the Debtor borrowed $1,100,000 from Principal which loan was memorialized in a Promissory Note (the "Note") and Loan Agreement. A copy of the Note and Loan Agreement are annexed hereto as **Exhibit A.**

13. The loan was funded on or about August 31, 2017.

14. Notwithstanding numerous references to "Collateral" in the Loan Agreement, there is no affirmative grant of a lien in any of the Debtor's assets.

15. Instead, the only mentions are found in paragraph 7 and 10(a) which provide, in part, respectively, as follows:

3

> "upon the occurrence and during the continuance of an Event of Default, **in the event the Lender exercises its right to require** a security agreement covering the Collateral and corresponding financing statement pursuant to Section 10(a) below,"
>
> Further Assurances. Each of the Parties hereto agrees to execute and deliver, or cause to be executed and delivered, all such instruments and documents, and to take all such action as the other Party may reasonably request, promptly upon the request of such other Party, in order to effectuate the intent and purpose of, and to carry out the terms of this Agreement, and, upon Lender's request, to ensure that the Obligations of the Company under the Loan Documents are secured by a first priority perfected Lien in favor of Lender…on all Collateral,"

16. These provisions provide for a mechanism and procedures for the granting of a lien on assets but do not actually grant any lien therein.

17. No security agreement was ever requested by Principal or executed by the Debtor.

18. On September 24, 2019, more than two (2) years after the funding of the loan to the Debtor and less than ninety (90) days prior to the Petition Date, Principal filed a UCC-1 financing statement (the "UCC") with the Delaware Secretary of State (the "Transfer") thereby indicating its assertion of a security interest in the Debtor's assets.

## COUNT I
**(Declaratory Judgment as to Nature, Extent and Validity of Lien)**

19. Plaintiff repeats and realleges the foregoing allegations as if set forth at length herein.

20. Pursuant to Section 506 of the Bankruptcy Code, the Debtor seeks a determination by this Court as to the nature, extent, validity and priority of the lien asserted by Principal by virtue of its filing of the UCC.

21. As set forth herein, the Loan Agreement does not provide for an affirmative grant of a lien in any of the Debtor's assets.

4

22. Without such a grant, no valid security interest can exist and the filing of the UCC cannot and does not cure this defect.

23. Based upon the foregoing, the Debtor requests a determination by the Court that the UCC is invalid and that no security interest exists in favor of Principal on the Debtor's assets.

## COUNT II
### (Avoidance of Preferential Transfers – 11 U.S.C. §547)

24. Plaintiff repeats and realleges the foregoing allegations as if set forth at length herein.

25. The Transfer was a transfer of an interest of the Debtor in property to or for the benefit of Principal.

26. At the time of the Transfer, Principal was a creditor of the Debtor.

27. The Transfer was a transfer for or on account of antecedent debt owed by the Debtor before such Transfer was made.

28. The Transfer was made while the Debtor was insolvent.

29. The Transfer, if permitted to remain, will enable Principal to receive more than it would in a liquidation.

30. In the event that the Court determines that a grant of a security interest in the Debtor's assets exists, which the Debtor disputes, the Transfer is avoidable as a preference pursuant to Section 547(b) of the Bankruptcy Code.

31. Based upon the foregoing, Plaintiff is entitled to an order and judgment against Defendant avoiding the Transfer under Section 547(b) of the Bankruptcy Code.

## COUNT III
### (Disallowance of Claim – 11 U.S.C. §502(d) and (j))

32. Plaintiff repeats and realleges the foregoing allegations as if set forth at length herein.

33. Defendant is an entity from which property is recoverable under Section 547 of the Bankruptcy Code.

34. Pursuant to Section 502(d) of the Bankruptcy Code, any and all claims of Defendant against the Debtor's Chapter 11 estate must be disallowed until such time as the property is recovered.

35. Based upon the foregoing, the Debtor is entitled to an order and judgment disallowing any claim held by Principal until such time as the UCC is terminated.

## COUNT IV
**(Reclassify Principal's Claim as Unsecured – 11 U.S.C. 506(a))**

36. Plaintiff repeats and realleges the foregoing allegations as if set forth at length herein.

37. Principal filed a proof of claim ("POC") in the Chapter 11 case which asserts a secured claim based upon the filing of the UCC.

38. Upon the Court granting judgment on Count I or Count II herein and any asserted lien in the Debtor's assets by Principal shall be avoided and/ or invalidated.

39. Based upon the foregoing, the Debtor is entitled to an order and judgment reclassifying the POC as unsecured.

**WHEREFORE**, Plaintiff requests that this Court granted relief and enter an order judgment as prayed for herein, together with such other and further relief as the Court deems just and proper.

Dated: Scarsdale, New York
April 30, 2020

KIRBY AISNER & CURLEY LLP
*Attorneys for the Debtor*
700 Post Road, Suite 237
Scarsdale, New York 10583
(914) 401-9500

By: */s/ Erica Aisner*
      Erica Aisner