Anne Penachio *(local counsel)*
PENACHIO MALARA, LLP
245 Main Street, Suite 450
White Plains, New York 10601
Telephone: (914) 946-2889

*Counsel for Southern Financial Group, LLC*

Erica R. Aisner
KIRBY AISNER & CURLEY LLP
700 Post Road, Suite 237
Scarsdale, New York 10583
Telephone: (914) 401-9500

*Counsel to the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- X

In re:

TRIAX CAPITAL ADVISORS LLC

CHAPTER 11
Case No. 19-24145 (RDD)

---------------------------------------------------------- X

**AMENDED JOINT APPLICATION FOR ENTRY OF AN ORDER PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019 APPROVING SETTLEMENT AGREEMENT BETWEEN THE DEBTOR AND CREDITOR SOUTHERN FINANCIAL GROUP, LLC**

TO:   THE HONORABLE ROBERT D. DRAIN,
       UNITED STATE BANKRUPTCY JUDGE:

Debtor Triax Capital Advisors LLC ("Debtor") and Creditor Southern Financial Group, LLC ("SFG"), through their respective counsel, submit this *Amended Joint Application for Entry of an Order Pursuant to Federal Rule of Bankruptcy Procedure 9019 Approving Settlement Agreement Between the Debtor and Creditor Southern Financial Group, LLC* (the "Amended Joint Application"), seeking the entry of an Order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") approving the settlement agreement and corresponding exhibits (collectively, the "Settlement Agreement"), a copy of which is attached hereto as **Exhibit B**, by and between the Debtor, SFG, Joseph E. Sarachek ("Sarachek"), TopCo 1, LLC ("TopCo"), and JSARCo, LLC ("JSARCo")  (collectively, the "Initial Settlement Parties"). Subsequent to the filing of the original Joint Application, the Debtor reached an agreement with

118189.000002 4833-0012-7163.4 5/18/2020                          1

PJC Investments, LLC ("PJC" and together with the Initial Parties, the "Parties"). In support of the Amended Joint Application, Debtor and SFG respectfully state as follows:

## SUMMARY OF SETTLEMENT

1. The Debtor will consent to the transfer by LPAQ, LLC ("LPAQ") of 50% of the LPAQ assets to SFG, which is the beneficial interest of the Debtor in LPAQ. To reflect its divestment of its beneficial interest in the value of LPAQ, the Debtor will also consent to the transfer of the it remaining interest in LPAQ to PJC.

## JURISDICTION AND VENUE

2. The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction to consider and determine this matter pursuant to 28 U.S.C. §§ 157 and 1334.

3. This is a core proceeding under 28 U.S.C. § 157(b)(2).

4. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The predicates for the relief requested herein is Rule 9019 of the Bankruptcy Rules.

## RELEVANT BACKGROUND

6. The Debtor is the owner of a fifty percent (50%) interest in LPAQ. PJC is the owner of the remaining interests in LPAQ. LPAQ owns certain units of membership interests in Life Partners IRA Holder Partnership, LLC ("IRAP") and certain units of beneficial interests in the Life Partners Position Holder Trust ("PHT").

7. On or about September 12, 2017, Sarachek, Debtor's sole and managing member, executed a promissory note, for valuable consideration, made payable to SFG in the principal amount of $1,300,000.00 (the "Note"). The Note evidences a loan agreement (the "Loan Agreement") dated September 12, 2017, between SFG, Sarachek, JSARCo, and the Debtor.

8. On or about September 12, 2017, TopCo executed an absolute and unconditional guaranty, for valuable consideration, in which TopCo guaranteed to SFG the prompt payment in full when due, whether by acceleration or otherwise, any and all of the indebtedness evidenced by the Note.

9. On or about September 12, 2017, JSARCo executed an absolute and unconditional guaranty, for valuable consideration, in which JSARCo guaranteed to SFG the prompt payment in full when due, whether by acceleration or otherwise, any and all of the indebtedness evidenced by the Note.

10. On or about September 12, 2017, the Debtor, for valuable consideration, executed a pledge agreement to secure the Note (the "Triax Pledge Agreement"), in which the Debtor pledged, granted, transferred, and assigned to SFG a security interest in all of the Debtor's right, title, and interest in and to the Collateral as defined in the Triax Pledge Agreement as follows:

    a. *"Collateral"* shall mean the Pledged Interests, the Future Rights, and the Proceeds, collectively.

    b. *"Future Rights"* shall mean: (a) all Equity Interests (other than Pledged Interests) of the Issuer, and all securities convertible or exchangeable into, and all warrants, options, or other rights to purchase, Equity Interests of the Issuer; and (b) the certificates or instruments representing such Equity Interests, convertible or exchangeable securities, warrants, or other rights and all dividends, cash, options, warrants, rights, instruments, and other property or proceeds from time to time received, receivable, or otherwise distributed in respect of or in exchange for any or all of such Equity Interests.

    c. *"Pledged Interests"* shall mean: (a) all Equity Interests of the Issuer identified on **Schedule 1**; and (b) the certificates or instruments representing such Equity Interests.

    d. *"Proceeds"* shall mean all proceeds (including proceeds of proceeds) of the Pledged Interests and Future Rights including all: (a) rights, benefits, distributions, premiums, profits, dividends, interest, cash, instruments, documents of title, accounts, contract rights, inventory, equipment, general intangibles, payment intangibles, deposit accounts, chattel paper, and other property

> from time to time received, receivable, or otherwise distributed in respect of or in exchange for, or as a replacement of or a substitution for, any of the Pledged Interests, Future Rights, or proceeds thereof (including any cash, Equity Interests, or other securities or instruments issued after any recapitalization, readjustment, reclassification, merger or consolidation with respect to the Issuer and any security entitlements, as defined in Section 8-102(a)(17) of the Code, with respect thereto); (b) "proceeds," as such term is defined in Section 9-102(a)(65) of the Code; (c) proceeds of any insurance, indemnity, warranty, or guaranty (including guaranties of delivery) payable from time to time with respect to any of the Pledged Interests, Future Rights, or proceeds thereof; (d) payments (in any form whatsoever) made or due and payable to Pledgor from time to time in connection with any requisition, confiscation, condemnation, seizure or forfeiture of all or any part of the Pledged Interests, Future Rights, or proceeds thereof; and (e) other amounts from time to time paid or payable under or in connection with any of the Pledged Interests, Future Rights, or proceeds thereof.

Triax Pledge Agreement ¶ 1(a).

11. On or about September 12, 2017, Sarachek, for valuable consideration, executed a pledge agreement (the "Sarachek Pledge Agreement") to secure the Note, in which he pledged, granted, transferred, and assigned to SFG a security interest in all of his right, title, and interest in or to the Collateral as defined in the Sarachek Pledge Agreement. Collateral is defined identically in the Triax Pledge Agreement (as excerpted above) as in the Sarachek Pledge Agreement.

12. On September 28, 2018, SFG filed its Original Petition and Request for Disclosure in Texas state-court litigation captioned Cause No. 2018-3568-5, *Southern Financial Group, LLC v. Joseph E. Sarachek, TopCo 1, LLC, JSARCo, LLC, and Triax Capital Advisors, LLC*, pending in the 414th District Court in McLennan County, Texas (the "Texas State Court Litigation"). The defendants in the Texas State Court Litigation filed their Original Answer and Request for Disclosure on November 29, 2018.

13. On September 20, 2019, SFG filed its Traditional Motion for Summary Judgment (the "Motion for Summary Judgment") against Sarachek, TopCo, JSARCo, and the Debtor in the Texas State Court Litigation. Specifically, SFG asserts that the Texas State Court Litigation defendants

> [B]reached certain obligations under the Note, the Loan Agreement, the TopCo Guaranty, the JSARCo Guaranty, the Triax Pledge Agreement, and the Sarachek Pledge Agreement, by failing to pay certain installments due in accordance with the terms of the Note, failing to pay the cash sum of $40,000.00 as the origination fee under the Loan Agreement, and failing to deliver to [SFG] the original of that certain Common Stock Purchase Warrant of Emergent Capital, Inc. issued on July 28, 2017 for the purchase of 13,575,000 shares of common stock of Emergent Capital, Inc.

SFG's Traditional Mot. for Summ. J. ¶ 8. On November 1, 2019, SFG filed its notice of hearing on the Motion for Summary Judgment, setting the Motion for Summary Judgment hearing on December 13, 2019. The Texas State Court Litigation defendants filed their response and objections to SFG's Motion for Summary Judgment on December 6, 2019.

14. On December 11, 2019 (the "Petition Date"), the Debtor filed its voluntary petition in this Court for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Since the Petition Date the Debtor continues to operate its business as a debtor-in-possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code. As of the date of filing this Joint Application, neither a trustee or an examiner nor an official committee have been appointed in this chapter 11 case.

15. Pending before the Court are *Creditor Southern Financial Group, LLC's Motion for an Order Pursuant to Federal Rule of Bankruptcy Procedure 2004 Authorizing the Issuance of Subpoenas for the Production of Documents and Taking the Testimony of the Debtor* [Doc. No. 22], *Creditor Southern Financial Group, LLC's Motion for Entry of Order for Relief From the Automatic Stay to Proceed With Texas State Court Litigation or, In the Alternative, Severance of Debtor* [Doc. No. 27], and the *Joint Application for Entry of an Order Pursuant to*

*Federal Rule of Bankruptcy Procedure 9019 Approving Settlement Agreement Between the Debtor and Creditor Southern Financial Group, LLC* [Doc. No. 43].

16. The Parties have arrived at a settlement agreement, which includes, among other things: (A) the transfer by LPAQ to SFG of 759,647 units of membership interests in IRAP owned by LPAQ and 4,024,155 units of beneficial interests in PHT owned by LPAQ; (B) the cash payment of $225,000.00 by Sarachek to SFG on or before a certain effective date; (C) the delivery to SFG of a certain executed payment agreement and a certain executed agreed judgment in connection with the Texas State Court Litigation and this bankruptcy case; and (D) the transfer by Triax of its ownership interests in LPAQ.

## RELIEF REQUESTED

17. By this Amended Joint Application, the Debtor and SFG seek this Court's approval of the Settlement Agreement of the Parties.

## ARGUMENT AND AUTHORITY

18. Bankruptcy Rule 9019(a) provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." FED. R. BANKR. P. 9019(a). Prior to approving a settlement under Bankruptcy Rule 9019, a court must determine that the proposed settlement is (a) fair and equitable, and (b) in the best interest of the debtor's estate. *See Krys v. Official Comm. of Unsecured Creditors (In re Refco Inc.)*, 505 F.3d 109, 119 (2d Cir. 2007) ("[A] bankruptcy court's obligation is to determine whether a settlement is in the best interests of *the estate*[.]"); *Motorola, Inc. v. Official Comm. of Unsecured Creditors (In re Iridium Operating LLC)*, 478 F.3d 452, 462 (2d Cir. 2007) (applying "fair and equitable" standard to settlements pursuant to Bankruptcy Rule 9019).

19. A court should consider the following factors in determining whether a proposed settlement is fair and equitable:

>   (1) the balance between the litigation's possibility of success and the settlement's future benefits; (2) the likelihood of complex and protracted litigation, with its attendant expense, inconvenience, and delay, including the difficulty in collecting on the judgment; (3) the paramount interests of the creditors, including each affected class's relative benefits and the degree to which creditors either do not object to or affirmatively support the proposed settlement; (4) whether other parties in interest support the settlement; (5) the competency and experience of counsel supporting, and the experience and knowledge of the bankruptcy court judge reviewing, the settlement; (6) the nature and breadth of releases to be obtained by officers and directors; and (7) the extent to which the settlement is the product of arm's length bargaining.

478 F.3d at 462 (citing *In re WorldCom, Inc.*, 347 B.R. 123, 137 (Bankr. S.D.N.Y. 2006)).

20. Accordingly, settlements and compromises should be rejected only if they fall "below the lowest point in the range of reasonableness." *In re Stone Barn Manhattan LLC*, 405 B.R. 68, 75 (Bankr. S.D.N.Y. 2009) (stating that Bankruptcy Rule 9019 "does not require a court to conduct a mini-trial to 'decide the numerous questions of law and fact raised . . . but rather to canvass the issues' raised by the parties and decide whether a proposed settlement falls 'below the lowest point in the range of reasonableness'") (quoting *In re Teltronics Servs., Inc.*, 762 F.2d 185, 189 (2d Cir. 1985); *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983)).

21. Debtor exercised its business judgment in entering into the Settlement Agreement.

22. Debtor has not asserted any claims against SFG and the only relief sought in the underlying State Court Litigation is the right of SFG to foreclose its security interest in LPAQ.

23. The *Iridium* factors weigh in favor of this Court's approval of the Settlement Agreement.

(1) the balance between the litigation's possibility of success and the settlement's future benefits: The proposed settlement conveys to SFG and to PJC the economic benefit they are contractually entitled to in connection with LPAQ.

(2) the likelihood of complex and protracted litigation, with its attendant expense, inconvenience, and delay, including the difficulty in collecting on the judgment: The Debtor and SFG would cease incurring the continued legal fees and expenses associated with the Texas State Court Litigation, discovery (including requested 2004 examination), and other pending and potential litigation as a result of the Settlement Agreement.

(3) the paramount interests of the creditors, including each affected class's relative benefits and the degree to which creditors either do not object to or affirmatively support the proposed settlement: SFG is the only listed secured creditor of the Debtor and the only party which asserts any direct or indirect interest in the Debtor's interest in LPAQ or the assets owned by LPAQ. Resolution of the sole secured claim improves the likelihood a global resolution of this case. Further, the agreement to divest itself of any interest in LPAQ reflect the economic reality of LPAQ and avoids an objection by PJC.

(4) whether other parties in interest support the settlement: Pursuant to the Settlement Agreement, Sarachek, TopCo, and JSARCo shall release SFG and its predecessors from any defense, offset, or counterclaim, known or unknown, that they ever had or now have and acknowledges that SFG has fully performed all obligations that it may have, had, or now has to the remaining Parties.

(5) the competency and experience of counsel supporting, and the experience and knowledge of the bankruptcy court judge reviewing, the settlement: The Parties' counsel have worked diligently and efficiently at reaching the Settlement Agreement, and this Court is more than capable of reviewing and approving the Settlement Agreement in accordance with Bankruptcy Rule 9019.

(6) the nature and breadth of releases to be obtained by officers and directors: The Debtor isn't granting any releases to officers or directors.

(7) the extent to which the settlement is the product of arm's length bargaining: The Settlement Agreement is the result of arms'-length negotiations including multiple in-person and telephonic meetings amongst the Parties and their respective counsel of record.

24. Thus, the factors weigh in favor of this Court approving the Settlement Agreement pursuant to Bankruptcy Rule 9019 as fair and equitable and in the best interest of Debtor's estate.

## WAIVER OF STAY UNDER BANKRUPTCY RULE 6004(h)

25. Debtor, PJC, and SFG request that the Court waive the stay period under Bankruptcy Rule 6004(h).

## NOTICE

26. Notice of this Motion has been given to: (a) Debtor; (b) counsel for the Debtor; (c) the Office of the United States Trustee for the Southern District of New York; and (d) all parties requesting notice pursuant to Bankruptcy Rule 2002. Debtor and SFG respectfully submit that, in light of the nature of the relief requested herein, no further notice is necessary or required.

## ONE PRIOR REQUEST

27. One prior request for the relief sought herein has been made to this Court. *See* Doc. No. 43.

## PRAYER

WHEREFORE, Debtor and SFG respectfully request that this Court enter an order substantially in the form of the Proposed Order, approving the Settlement Agreement of the Parties. The Debtor and SFG further request such other and further relief to which they may be justly entitled.

Dated: June 10, 2020                    Respectfully submitted,

                                                            */s/ Deborah D. Williamson*
Deborah D. Williamson
Texas Bar No. 21617500 (admitted *pro hac vice*)
dwilliamson@dykema.com
Danielle N. Rushing
Texas Bar No. 24086961 (admitted *pro hac vice*)
drushing@dykema.com
**DYKEMA GOSSETT PLLC**
112 E. Pecan Street, Suite 1800
San Antonio, Texas 78205
Telephone: (210) 554-5500
Facsimile: (210) 226-8395

and

J. David Dickson
Texas Bar No. 05839500 (admitted *pro hac vice*)
dickson@thetexasfirm.com
**BEARD KULTGEN BROPHY BOSTWICK & DICKSON, PLLC**
220 South 4th Street
Waco, Texas 76701
Telephone: (254) 776-5500
Facsimile: (254) 776-3591

and

Anne Penachio (local counsel)
anne@pmlawllp.com
**PENACHIO MALARA LLP**
245 Main Street, Suite 450
White Plains, New York 10601
Telephone: (914) 946-2889

*Counsel for Southern Financial Group, LLC*

        **AND**

Erica R. Aisner
eaisner@kacllp.com
**KIRBY AISNER & CURLEY LLP**
700 Post Road, Suite 237
Scarsdale, New York 10583
Telephone: (914) 401-9500

*Counsel to the Debtor*